**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**ALBANY DIVISION**

**CASE NO:** 1:25-cv-585 (AMN/DJS)

AIDAN CONRICK, on behalf of
himself and all others similarly situated,

     Plaintiff(s),

     v.

CARSON'S OF MALTA, INC.,

     Defendant.

_____/

## COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, AIDAN CONRICK ("Plaintiff"), on behalf of himself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), and the New York Labor Law ("NYLL") files this Collective/Class Action Complaint for Damages and Demand for Jury Trial against Defendant, CARSON'S OF MALTA, INC. ("CARSON'S" or "Defendant"), for its failure to pay Servers, Bartenders, and tip-earning front-of-the-house employees ("Tipped Workers") federal and state mandated minimum wages:

## INTRODUCTION

1.     Plaintiff brings this hybrid collective and class action lawsuit pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"), including N.Y. Lab. Law §§ 190 et seq., 650 et seq., and the applicable provisions of the New York Codes, Rules and Regulations ("NYCRR"), on behalf of himself and all other servers, bartenders, and front-of-the-house employees who earn tips (collectively "Tipped Workers") and who worked at Carson's Woodside Tavern, located at 57 NY-9P, Malta, New York

12020, during the applicable statutory period. Defendant violated the FLSA by requiring Plaintiff and similarly situated Tipped Workers to share tips with managers and supervisors, in direct violation of 29 U.S.C. § 203(m)(2)(B), which prohibits employers from retaining employee tips "for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." Defendant further violated the NYLL by: (1) paying Tipped Workers a sub-minimum wage, NYLL § 652(1), without first furnishing them at the time of hire with a written notice of the tip credit claimed, and obtaining signed acknowledgments of receipt of such notice, in violation of NYLL § 195(1)(a) and 12 NYCRR § 146-2.2, (2) failing to provide Tipped Workers with accurate wage statements with each payment of wages, reflecting the tip credit claimed, in violation of NYLL § 195(3) and 12 NYCRR § 146-2.2; and (3) failing to pay an additional hour of pay at the minimum wage rate when Tipped Workers worked shifts of more than ten hours, as required by 12 N.Y.C.R.R. § 146-1.6. As a result, Plaintiff and all similarly situated Tipped Workers were deprived of both federal and state minimum wages during various workweeks within the Relevant Time Period.[1]

## **PARTIES**

2.      During all times material hereto, Plaintiff was a resident of Glenn Falls, New York, over the age of 18 years, and otherwise *sui juris.*

3.      Plaintiff worked for Defendant as a Server at Carson's Woodside Tavern located at 57 NY-9P Malta, NY 12020 from in or around August 2024 through in or around April 2025.

---

[1] The Relevant Time Period for Plaintiff's NYLL claims is the six (6) year period preceding the filing of this Complaint, pursuant to N.Y. Lab. Law § 198(3). The Relevant Time Period for Plaintiff's claims under the FLSA is the three (3) years preceding the filing of this Complaint, as Defendant's violations were willful within the meaning of 29 U.S.C. § 255(a).

4.      Plaintiff and the putative FLSA Collective Members are/were Tipped Workers who worked for Defendant within the last three (3) years at Carson's Woodside Tavern located at 57 NY-9P Malta, NY 12020.

5.      Plaintiff and the putative NYLL Class Members are/were Tipped Workers who worked for Defendant within the last six (6) years at Carson's Woodside Tavern located at 57 NY-9P Malta, NY 12020.

6.      The proposed Collective and Class Members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, hourly-paid Tipped Workers for Defendant.

7.      During all times material hereto, Defendant was a New York corporation operating and transacting business within Malta, New York, within the jurisdiction of this Honorable Court. Defendant may be served through its registered agent CT Corporation System at 28 Liberty Street in New York, NY 10005.

8.      During all times material hereto, Defendant owned, operated, and controlled the restaurant where Plaintiff, a former Server, and all other Tipped Workers worked, Carson's Woodside Tavern, located at 57 NY-9P Malta, NY 12020.

9.      During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of Carson's Woodside Tavern located at 57 NY-9P Malta, NY 12020.

10.      Defendant implements uniform pay, tip, and time-keeping practices that applied to Plaintiff during his employment as well as to all Tipped Workers during the Relevant Time Period at Carson's Woodside Tavern located at 57 NY-9P Malta, NY 12020.

11.     During all times material hereto, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and the implementing regulations thereunder.

12.     Defendant was the "employer" of Plaintiff and all members of the putative Collectives and class as that term is defined by the FLSA during all times pertinent to the allegations herein. The work performed by Plaintiff and the FLSA Collective Members was directly essential to the business operated by Defendant.

13.     During all times material hereto, Plaintiff and the NYLL Class Members were employed by Defendant within the meaning of NYLL §§ 2; 651(5)-(6).

14.     Plaintiff seeks certification of one (1) collective under 29 U.S.C. § 216(b), as follows:

> **FLSA Collective: All current and former Tipped Workers who worked at Carson's Woodside Tavern, located in Malta, New York, at any time from May 9, 2022, through the date of final judgment in this matter, and who were required to share tips with managers, supervisors, or other ineligible persons, and who elect to opt into this action pursuant to 29 U.S.C. § 216(b).**

15.     Plaintiff seeks certification of two (2) Rule 23 Classes under Fed. R. Civ. P. 23, as follows:

> **NYLL Wage Notice Class: All current and former Tipped Employees employed by Carson's Woodside Tavern in Malta, New York, at any time from May 9, 2019, through the date of final judgment in this matter, who were not provided at the time of hire with written statements of their wage rate and tip credit in accordance with NYLL § 195(1), and/or who did not receive accurate wage statements with each payment of wages as required by NYLL § 195(3), and/or from whom Defendant failed to obtain a written acknowledgment of receipt of wage notices in compliance with 12 N.Y.C.R.R. § 146-2.2(c).**

> **NYLL Spread of Hours Class: All current and former Tipped Employees employed by Carson's Woodside Tavern in Malta, New York, at any time from May 9, 2019, through the date of final judgment in this matter, who worked shifts of more than ten (10) hours in a single workday and were not paid an**

**additional hour of pay at the applicable minimum wage rate, as required by 12 N.Y.C.R.R. § 146-1.6 and the NYLL.**

16.     The precise size and identity of each class should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of Class Members in each Rule 23 Class exceeds 50 Tipped Workers.

## JURISDICTION AND VENUE

17.     This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, and the NYLL, to recover damages from Defendant.

18.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

19.     The acts and/or omissions giving rise to this dispute took place within Saratoga County, New York, which falls within the jurisdiction of this Honorable Court.

20.     Defendant regularly transacts business in Saratoga County, New York, and jurisdiction is therefore proper.

21.     Venue is also proper within Saratoga County, New York.

## FLSA COVERAGE

22.     Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant owns and operates a restaurant that employs waitstaff, cooks, bussers, dishwashers, and other personnel to provide dine-in food and beverage service to customers.

23.     Throughout the Relevant Time Period, Defendant employed at least two or more individuals who regularly performed tasks essential to the daily functioning of the restaurant, such as handling transactions and serving customers.

24.    In performing their job duties, Defendant's employees routinely handled and used goods and materials that were manufactured outside the state and had previously moved in interstate commerce before arriving at Defendant's restaurant. These items included, but were not limited to: chicken, mozzarella, crab, bread, onions, spices, mayonnaise, mustard, lettuce, tomatoes, avocados, parmesan cheese, vinaigrette, bleu cheese, spinach, pecans, apples, gorgonzola cheese, Swiss cheese, bacon, eggs, pork, turkey, sauerkraut, cheddar cheese, mushrooms, cucumbers, carrots, haddock fish, rice, pasta, salmon, sweet potato, cabbage, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, flour, coffee, tea, soda, and other goods and materials commonly used in the food service industries.

25.    Based on Plaintiff's experience and observations while employed by Defendant, these goods and materials were regularly delivered to the restaurant by commercial suppliers and were essential to its daily operations. Employees relied on these items to prepare menu offerings, process customer payments, maintain cleanliness, and perform general front-of-house and back-of-house tasks.

26.    Based on the volume of business conducted, the frequency of inventory deliveries, and the scope of operations observed by Plaintiff, Defendant's restaurant generated gross annual revenue in excess of $500,000.00 in, 2022, 2023, and 2024, and is reasonably expected to exceed that threshold in 2025.

## GENERAL ALLEGATIONS

27.    Defendant operates Carson's Woodside Tavern in Malta, New York.

28.    Defendant employs Tipped Workers at Carson's Woodside Tavern and compensates these individuals less than the applicable state minimum wage required in New York.

29.     In August 2024, Defendant hired Plaintiff to work as a Server. Defendant compensated Plaintiff at a sub-minimum rate of $10.35 an hour. The minimum wage in State of New York in August 2024 was $15.00; in 2025, that rate increased to $15.50. NYLL § 652(1).

30.     Defendant similarly compensated Tipped Workers at an hourly rate below the statutorily mandated minimum in the State of New York.

31.     Throughout Plaintiff's employment at Carson's Woodside Tavern, Defendant attempted to claim a tip credit toward its minimum wage obligation owed to Plaintiff for his work performed as a Server.

32.     Defendant similarly attempted to claim a tip credit toward its minimum wage obligations for each hour worked by Tipped Workers.

33.     Throughout his employment at Carson's Woodside Tavern, Plaintiff's schedule varied, but he has generally worked 35-40 hours per week unless he missed time for vacation, sick days, or holidays, or obtained additional shifts.

## DEFENDANT VIOLATED THE FLSA BY UNLAWFULLY REQUIRING TIPPED WORKERS TO SHARE THEIR TIPS WITH INELIGIBLE RECIPIENTS

34.     Defendant unlawfully required Plaintiff to share earned tips with individuals employed in managerial and supervisory positions, persons who are categorically prohibited from participating in tip pools under the FLSA.

35.     Specifically, Defendant implemented a tip pooling arrangement that compelled Plaintiff and other Tipped Workers to surrender all customer tips to a pool that included managers and supervisors.

36.     Supervisors and managers routinely claimed disproportionately large portions of the tip pool, often far exceeding any stated allocation or legitimate justification.

37.     In or around March 2025, Plaintiff complained to one of his managers about the unlawful inclusion of supervisors and managers in the tip pool. Plaintiff expressed that the practice was unfair and deprived frontline Tipped Workers who performed the customer-facing service work of the rightful share of tips that they earned.

38.     Defendant's actions were not taking in good faith. Despite Plaintiff's complaint and the clear prohibition under federal and state law, Defendant continued to operate and enforce the unlawful tip pooling arrangement, thereby knowingly violating the FLSA.

39.     Under the FLSA, "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B).

## DEFENDANT VIOLATED THE NYLL BY FAILING TO PROVIDE MANDATORY WAGE DISCLOSURES

40.     When Defendant hired Plaintiff, Defendant did not provide Plaintiff with a written notice setting forth the amount of the tip credit claimed by Defendant and other pertinent information as required by the NYLL, § 195(1)(a). Plaintiff commenced employment with Defendant without ever receiving such notice.

41.     Similarly, when Defendant hired other Tipped Workers during the Relevant Time Period, Defendant failed to provide these employees with written wage notices as required by the NYLL.

42.     Defendant also failed to obtain an acknowledgments of receipt of the written notice signed by Plaintiff, as required by N.Y.C.R.R. 146-2.2(c), due to its initial failure under NYLL § 195 to furnish a proper and accurate written notice to Plaintiff.

43.     Defendant never obtained acknowledgements of receipt from any other Tipped Workers, as it never provided them with proper and accurate written wage notices at the time of their hiring.

44.     Thus, Defendant failed to provide proper written wage notices to Plaintiff and all other Tipped Workers prior to commencing employment, as required by the NYLL.

45.     During all times material hereto, Defendant also failed to furnish Plaintiff with proper and accurate statements of wages including the tip credit claimed, and other pertinent information, with each payment of wages, as required by the NYLL, § 195(3).

46.     Similarly, Defendant failed to furnish its Tipped Workers with accurate statements of wages with each payment of wages, as required by the NYLL, § 195(3).

47.     Because Defendant failed to properly furnish Plaintiff with a written notice inclusive of  the applicable the wage and tip credit provisions under the NYLL prior to Plaintiff commencing employment with Defendant, Defendant did not meet the statutory prerequisites for taking a tip credit under the NYLL and was thus not entitled to claim any tip credit against minimum wages owed to Plaintiff. 12 NYCRR § 146-2.2.

48.     During all times material hereto, Defendant was required to compensate Plaintiff the full applicable New York statutory minimum wage for all hours worked up to forty (40) in a workweek, pursuant to 12 N.Y.C.R.R. § 146-2.2.

49.     Similarly, given Defendant's failure to properly furnish its Tipped Workers with a written notice inclusive of the applicable wage and tip credit provisions under the NYLL, Defendant is not entitled to claim tip credit for any hours worked by these employees and must compensate them at the full applicable New York statutory minimum wage for all hours worked up to forty (40) in a workweek, pursuant to 12 N.Y.C.R.R. § 146-2.2.

50.     Defendant's violations of the NYLL wage notice and wage statement provisions were willful and not in good faith.

51.     Defendant failed to provide Plaintiff with accurate wage notices and wage statements despite being aware of their legal obligations under NYLL § 195(1) and § 195(3). Its failure to comply was not due to inadvertence, but instead reflected a deliberate disregard for statutory requirements, particularly in light of the longstanding nature of the NYLL and the widespread litigation and enforcement actions in the hospitality industry concerning wage notice and statement violations.

**DEFENDANT VIOLATED THE NYLL BY FAILING TO PAY REQUIRED SPREAD OF HOURS COMPENSATION**

52.     During all times material hereto, Defendant failed to compensate Plaintiff with an additional hour of pay at the applicable minimum wage rate on days when his workday exceeded ten (10) hours, including days involving split shifts, in violation of the spread of hours provision under 12 N.Y.C.R.R. § 146-1.6 and the NYLL.

53.     During his employment Plaintiff, in at least one workweek, worked a shift exceeding ten (10) hours in a single workday, yet Defendant never paid Plaintiff the spread of hours premium mandated by law.

54.     Plaintiff worked alongside many other Tipped Workers who regularly worked workdays longer than ten (10) hours, particularly during the busy season at Defendant's restaurant, yet did not receive the additional compensation mandated by the NYLL.

55.     Defendant's failure to pay spread-of-hours compensation was knowing, willful, and not in good faith, as it routinely scheduled employees for lengthy shifts without regard for the NYLL's spread of hours requirements and failed to take corrective action.

**CLASS ALLEGATIONS**

56.     Class members are treated equally and similarly at Carson's Woodside Tavern in that they were denied state minimum wages despite the fact that Defendant did not furnish them with a proper and accurate written wage notices upon hire and did not furnish them with proper and accurate wage statements with each payment of wages in violation of New York law.

57.     Class members are treated equally and similarly at Carson's Woodside Tavern in that they were not compensated with an additional hour of wages at the applicable state minimum wage when their spread of hours in a single workday exceeded ten (10) hours.

58.     Defendant employed at least 50 Tipped Workers who were paid a reduced tip credit wage and were not provided with the required nor sufficient notice of their wages including the amount of the tip credit claimed by Defendant under New York law.

59.     Defendant employed at least 50 Tipped Workers who were paid a reduced tip credit wage and were not compensated with an additional hour of wages at the applicable state minimum wage when their spread of hours in a single workday exceeded ten (10) hours.

60.     At all times material hereto, Defendant has express or constructive knowledge of the work performed by Plaintiff and all other similarly situated Tipped Workers.

61.     Plaintiff and the Class Members performed the same or substantially similar job duties for Defendant at Carson's Woodside Tavern in Malta, New York, and were otherwise paid in an identical manner by Defendant and were subject to the same employment policies.

62.     Although Defendant was aware of the requirements of the NYLL, NYCRR, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the Class Members in accordance with New York law.

## <u>COUNT I – COLLECTIVE ACTION FOR TIP VIOLATIONS</u>
### (Brought on Behalf of Plaintiff and the FLSA Collective)

63.     Plaintiff re-alleges and re-avers the preceding paragraphs as though set forth fully herein.

64.     Plaintiff brings this Action on behalf of himself and all similarly situated current and former Tipped Workers employed by Defendant at Carson's Woodside Tavern between May 1, 2022 and the date of final judgment in this matter ("FLSA Collective"), who elect to opt in to this action pursuant to 29 U.S.C. § 216(b).

65.     Plaintiff seeks certification the following collective under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **<u>FLSA Collective</u>: All current and former Tipped Workers who worked at Carson's Woodside Tavern, located in Malta, New York, at any time from May 9, 2022, through the date of final judgment in this matter, and who were required to share tips with managers, supervisors, or other ineligible persons, and who elect to opt into this action pursuant to 29 U.S.C. § 216(b).**

66.     Throughout the Relevant Time Period, Defendant implemented and maintained a policy and practice of requiring Plaintiff and the potential opt-in plaintiffs to participate in a tip pooling arrangement that included ineligible recipients, specifically managers and supervisors, in violation of Section 203(m) of the FLSA and its supporting regulations.

67.     Under this policy, Plaintiff and the FLSA Collective were required to surrender all or part of their earned tips to a tip pool from which managerial staff unlawfully received distributions. Managers and supervisors frequently claimed more than their allocated share or retained tips despite performing no tip-producing duties.

68.     An FLSA violation is "willful" if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

69.     In or around March 2025, Plaintiff specifically complained to management about the unfairness and impropriety of this arrangement. Defendant took no corrective action and continued the practice.

70.     Despite Plaintiff's internal complaint, widespread litigation in the industry, and the availability of compliance guidance from the U.S. Department of Labor, Defendant failed to consult legal counsel or take any steps to determine whether its practices complied with the FLSA.

71.     Upon information and belief, Defendant did not seek guidance from the U.S. Department of Labor or legal professionals concerning its wage and hour practices involving Tipped Workers.

72.     Defendant acted willfully in violating the FLSA. It continued to require Tipped Workers to share tips with ineligible managerial staff despite knowing or recklessly disregarding the fact that such conduct was unlawful under federal law.

73.     As a result of Defendant's unlawful tip pooling practices, Plaintiff and the FLSA Collective were deprived of tips and gratuities that rightfully belonged to them.

74.     During all times material hereto, Plaintiff and all other Tipped Workers have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and the FLSA Collective their rightfully earned tips.

75.     Defendant is liable under the FLSA for the amount of all misappropriated tips, liquidated damages in an equal amount, and reasonable attorneys' fees and costs.

76.     The provisions regarding misappropriated tips and gratuities set forth in the FLSA, 29 U.S.C. 201, *et seq.,* and the supporting federal regulations, apply to Defendant and protect Plaintiff and the FLSA Collective.

77.     Defendant unlawfully demanded or accepted, directly or indirectly, that Plaintiff and the FLSA Collective surrender part of the tips and gratuities they earned to managers and/or supervisors in violation of Section 203(m) of the FLSA and the supporting United States Department of Labor Regulations.

78.     Defendant permitted its managers and supervisors to unlawfully retain tips and gratuities intended for the Plaintiff and FLSA Collective in violation of 203(m) of the FLSA and the supporting United States Department of Labor Regulations.

79.     As a result of Defendant's conduct, Plaintiff and the FLSA Collective have been damaged and seek recovery of all tips that were misappropriated during the relevant time period.

WHEREFORE, Plaintiff, AIDAN CONRICK, on behalf of himself and others similarly situated, seeks an Order: (a) certifying a collective of similarly situated individuals and naming Plaintiff the Representative of the FLSA Collective; (b) awarding recovery of misappropriated tips to be paid by Defendant to Plaintiff and the FLSA Collective; (c) awarding liquidated damages to be paid by Defendant to Plaintiff and the FLSA Collective; (d) awarding reasonable attorney's fees and costs to be paid by Defendant, and any and all such other relief as may be deemed just and appropriate under the circumstances.

### COUNT II – CLASS ACTION FOR NEW YORK LABOR LAW VIOLATIONS
**(Brought on Behalf of Plaintiff and the NYLL Wage Notice Class)**

80.     Plaintiff re-alleges and re-avers the preceding paragraphs as though fully set forth herein.

81.     Defendant claimed a tip credit under the NYLL for each hour of work performed by Plaintiff and all other Tipped Employees during the Relevant Time Period.

82.     Pursuant to Article 19 of the New York Labor Law, §§ 650, 652 *et seq*., and the applicable regulations promulgated by the New York State Department of Labor, Defendant was required to pay Plaintiff and members of the NYLL Class the full applicable state minimum wage for all hours worked. The applicable minimum wage rates during the Relevant Time Period are as follows:

| Time Period | Applicable Minimum Wage |
|---|---|
| April 18, 2019 – December 31, 2019 | $11.80 |
| January 1, 2020 – December 31, 2020 | $12.50 |
| January 1, 2021 – December 31, 2022 | $13.20 |
| January 1, 2023 – December 31, 2023 | $14.20 |
| January 1, 2024 – December 31, 2024 | $15.00 |
| January 1, 2025 – Present | $15.50 |

83.     Pursuant to N.Y.C.R.R. 146-2.2(a), "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate."

84.     N.Y.C.R.R. 146-2.2(c) requires the employer to obtain "an acknowledgment of receipt signed by the employee [which] shall be kept on file for six years."

85.     Defendant failed to provide a legally complaint written wage notices to Plaintiff and the NYLL Class, prior to the start of their employment, in direct violation of the NYLL.

86.     Defendant failed to obtain and keep "an acknowledgment of receipt signed by [Plaintiff and the NYLL Class] for six years" as required by N.Y.C.R.R. § 146-2.2(c).

87.     Defendant failed to provide legally compliant wage statements with every wage payment issued to Plaintiff and the Class Members in violation of the NYLL § 195(3).

88.     Plaintiff and all other Tipped Workers employed during the Relevant Time Period are entitled to the full applicable minimum wage rate rather than the reduced minimum wage rate during the 6-year period preceding the filing of this Complaint.

89.     Plaintiff seeks recovery of New York minimum wages under Fed. R. Civ. P. 23 for himself and the following Rule 23 Class:

> **NYLL Wage Notice Class: All current and former Tipped Employees employed by Carson's Woodside Tavern in Malta, New York, at any time from April 28, 2019, through the date of final judgment in this matter, who were not provided at the time of hire with written notice of their wage rate and tip credit in accordance with NYLL § 195(1), and/or who did not receive accurate wage statements with each payment of wages as required by NYLL § 195(3), and/or from whom Defendant failed to obtain a written acknowledgment of receipt of wage notices in compliance with 12 N.Y.C.R.R. § 146-2.2(c).**

## FED. R. CIV. P. 23 CLASS ALLEGATIONS

90.     Plaintiff brings his NYLL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the above class.

91.     The putative Wage Notice Class Members were uniformly subjected to Defendant's unlawful pay practices, including the denial of New York minimum wages during the six (6) years preceding the filing of this action, as a result of Defendant's failure to furnish proper and accurate written wage notices at the time of hire, in violation of N.Y. Lab. Law § 195(1), and its ongoing failure to provide proper and accurate wage statements with each payment of wages, in violation of N.Y. Lab. Law § 195(3).

92.     *Numerosity:* Defendant employed at least fifty (50) Servers at Carson's Woodside Tavern during the past six (6) years who were not provided with proper and accurate written wage notices at the time of hire, as required by N.Y. Lab. Law § 195(1), and/or who did not receive

proper and accurate wage statements with each payment of wages, as required by N.Y. Lab. Law § 195(3).

93.    Given Defendant's size and the systematic nature of its failure to comply with New York law, the members of the Class are so numerous that joinder of all members is impractical.

94.    Plaintiff and the Wage Notice Class Members were subjected to the same unlawful policies and practices, including Defendant's systematic failure to provide written wage notices at the time of hire, in violation of N.Y. Lab. Law § 195(1), and wage statements with each payment of wages, in violation of N.Y. Lab. Law § 195(3).

95.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following: (a) whether Plaintiff and the Wage Notice Class Members were "employees" of Defendant; (b) whether Defendant failed to furnish Plaintiff and members of the NYLL Wage Notice Class with a written notice at the time of hire containing the information required by NYLL § 195(1); (c) whether Defendant failed to obtain and maintain signed acknowledgments of receipt of such wage notices from Plaintiff and members of the NYLL Wage Notice Class, as required by 12 N.Y.C.R.R. § 146-2.2(c); (d) whether Defendant failed to furnish Plaintiff and the NYLL Wage Notice Class with written wage statements with each payment of wages, as required by NYLL § 195(3); (e) whether Defendant had a uniform policy or practice of failing to provide legally compliant wage notices and statements to its Tipped Employees; and (f) whether Plaintiff and members of the NYLL Wage Notice Class are entitled to statutory damages, attorneys' fees, costs, and any other relief under the NYLL.

96.     *Typicality:* Plaintiff's claims are typical of the claims of the members of the Wage Notice Class  Plaintiff's claims arise from Defendant's systematic failure to furnish Plaintiff and all other Tipped Workers with legally compliant written wage notices at the time of hire and throughout their employment with each payment of wages.

97.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Wage Notice Class.  Plaintiff has no interest that might conflict with the interests of the Wage Notice Class. Plaintiff is determined to pursue his claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

98.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

99.     Defendant acted on grounds generally applicable to the Wage Notice Class, thereby making relief appropriate with respect to the Wage Notice Class as a whole. Prosecution of separate actions by individual members of the Wage Notice Class would create the risk of varying adjudications with respect to the individual members of the Wage Notice Class that would establish incompatible standards of conduct for Defendant.

100.    The identity of the Wage Notice Class is readily identifiable from Defendant's records.

101.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of its violations of the NYLL.

102.    Furthermore, even if every member of the NYLL Wage Notice Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

103.    This action is intended to include each and every Tipped Worker who worked for Defendant at Carson's Woodside Tavern located in Malta, New York, during the past six (6) years who did not receive a legally compliant written notices containing the information required by NYLL § 195 at the time of hire and/or with each payment of wages.

104.    During all material times hereto, Plaintiff and all Wage Notice Class Members are/were non-exempt, tipped employees of Defendant.

105.    The work that Tipped Workers perform for Defendant is an integral part of Defendant's business.

106.    The relief Plaintiff seeks is common to the entire class including, inter alia: (a) payment by Defendant of all unpaid minimum wages owed to Plaintiff and the NYLL Wage Notice Class as a result of its failure to provide legally compliant wage notices and statements, as required under the NYLL and applicable regulations; (b) statutory damages for each instance in which Defendant failed to furnish compliant wage notices at the time of hire pursuant to NYLL § 195(1), and for each instance in which Defendant failed to provide accurate wage statements with each

payment of wages pursuant to NYLL § 195(3); and (c) payment by Defendant of the costs and expenses of this action, including reasonable attorneys' fees and costs.

107.    Defendant either willfully chose not to comply with NYLL § 195, and deliberately failed to compensate the Wage Notice Class Members properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the NYLL. As a result, Defendant either knew, or showed reckless disregard for, the pertinent wage statement provisions in the NYLL.

108.    Defendant was aware of the requirements of the NYLL, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Wage Notice Class Members in accordance with the law.

109.    Defendant's willful and/or intentional violations of state law entitle Plaintiff and the putative Wage Notice Class Members to an additional amount of liquidated, or double, damages.

110.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Wage Notice Class Members have been damaged in the loss of New York minimum wages for one or more weeks of work during their employment with Defendant.

WHEREFORE, Plaintiff, AIDAN CONRICK, on behalf of himself and all others similarly situated, seeks judgment in his favor and against Defendant, CARSON'S OF MALTA, INC., and requests an Order: (a) certifying a class of similarly situated individuals under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff as Class Representative and his counsel as Class Counsel; (b) awarding all unpaid minimum wages owed to Plaintiff and members of the NYLL Wage Notice Class; (c) awarding liquidated damages to Plaintiff and the NYLL Wage Notice Class pursuant to NYLL § 198, due to Defendant's willful and/or reckless violations of the law; (d) awarding statutory damages to Plaintiff and the NYLL Wage Notice Class for Defendant's

failure to provide legally compliant written wage notices and wage statements under NYLL §§ 195(1) and 195(3); (e) awarding reasonable attorneys' fees and costs pursuant to NYLL § 198; (f) Awarding pre-judgment and post-judgment interest as permitted by law; and (g) granting such other and further relief as the Court deems just and proper.

### COUNT III - CLASS ACTION FOR NEW YORK LABOR LAW VIOLATIONS (FAILURE TO PAY SPREAD-OF-HOURS PREMIUM)
**(Brought on Behalf of Plaintiff and the NYLL Spread-of-Hours Class)**

111.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

112.    Pursuant to Article 19 of the New York Labor Law, §§ 650, 652 et seq., and the applicable regulations promulgated by the New York State Department of Labor, Defendant was required to pay Plaintiff and members of the NYLL Class the full applicable state minimum wage for all hours worked. The applicable minimum wage rates during the relevant time periods are as follows:

| Time Period | Applicable Minimum Wage |
|---|---|
| April 18, 2019 – December 31, 2019 | $11.80 |
| January 1, 2020 – December 31, 2020 | $12.50 |
| January 1, 2021 – December 31, 2022 | $13.20 |
| January 1, 2023 – December 31, 2023 | $14.20 |
| January 1, 2024 – December 31, 2024 | $15.00 |
| January 1, 2025 – Present | $15.50 |

113.    Pursuant to 12 N.Y.C.R.R. § 146-1.6, employers are required to pay an additional hour of pay at the basic minimum hourly wage rate on each day a service employee's or food service worker's spread of hours exceeds ten (10) hours.

114.    "Spread of hours" is defined as the interval between the beginning and end of an employee's workday, including working time plus time off for meals and breaks.

115.    During the course of his employment with Defendant, Plaintiff worked shifts or split shifts where the spread of hours exceeded ten (10) hours in a single workday.

116.    Defendant failed to pay Plaintiff an additional hour of pay at the applicable minimum wage rate on such days, in violation of 12 N.Y.C.R.R. § 146-1.6 and the NYLL.

117.    Other similarly situated Tipped Workers also worked shifts in excess of ten (10) hours, particularly during peak business seasons, and were similarly denied spread of hours compensation.

118.    At all relevant times, Plaintiff was a non-exempt Server within the meaning of 12 N.Y.C.R.R. § 146-3.1, and Defendant was an employer subject to the spread of hours pay requirement.

119.    Defendant's failure to pay the required spread of hours premium was willful and not the result of a good faith error. Defendant did not implement policies or practices to comply with 12 N.Y.C.R.R. § 146-1.6 despite regularly scheduling employees for lengthy workdays.

120.    Plaintiff seeks recovery of the spread-of-hours premium wages under Fed. R. Civ. P. 23 for himself and the following class for Defendant's failure to pay the applicable additional hour of pay required when a food service worker's spread of hours exceeds 10 hours:

> **NYLL Spread of Hours Class: All current and former Tipped Employees employed by Carson's Woodside Tavern in Malta, New York, at any time from April 28, 2019, through the date of final judgment in this matter, who worked shifts of more than ten (10) hours in a single workday and were not paid an additional hour of pay at the applicable minimum wage rate, as required by 12 N.Y.C.R.R. § 146-1.6 and the NYLL.**

121.    As a result of Defendant's violations of the NYLL and its implementing regulations, Plaintiff and the NYLL Spread-of-Hours Class are entitled to recover unpaid spread of hours compensation, liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs.

**FED. R. CIV. P. 23 CLASS ALLEGATIONS**

122.    Plaintiff estimates that the total number of Tipped Workers employed by Defendant since 2019/putative NYLL Spread-of-Hours Class Members exceeds fifty (50).

123.    Plaintiff brings his NYLL claims for spread-of-hours violations as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the NYLL Spread-of-Hours Class defined above.

124.    The putative NYLL Spread-of-Hours Class Members are treated equally and similarly by Defendant in that they were denied the additional hour of pay required by New York law for days in which they worked more than ten (10) hours, including during split shifts.

125.    *Numerosity:* Defendant employed at least fifty (50) Servers and other Tipped Employees at Carson's Woodside Tavern during the past six (6) years who, on one or more occasions, worked shifts or split shifts exceeding ten (10) hours in a workday but were not paid the additional spread-of-hours premium mandated by 12 N.Y.C.R.R. § 146-1.6.

126.    Given Defendant's size and the systematic nature of its failure to comply with the spread-of-hours requirement under New York law, the members of the Class are so numerous that joinder of all members is impractical.

127.    Plaintiff and the NYLL Spread-of-Hours Class Members were subject to the same unlawful policies and practices, including Defendant's failure to provide spread-of-hours compensation for shifts that exceeded ten (10) hours per day.

128.    *Commonality:* Common questions of law and fact exist as to all members of the NYLL Spread-of-Hours Class and predominate over any questions solely affecting any individual member of the Class. These common questions include, but are not limited to the following: (a) Whether Defendant failed to compensate Plaintiff and members of the NYLL Spread-of-Hours Class for an additional hour at minimum wage for days when they worked more than ten (10) hours; (b) Whether Defendant failed to pay the spread-of-hours premium for split shifts exceeding

ten (10) hours in a single workday; (c) Whether Defendant maintained accurate records of the start and end times of shifts for Class Members; (d) Whether Defendant's failure to pay spread-of-hours compensation was willful or in reckless disregard of the NYLL; (e) Whether Defendant had a policy or practice of failing to provide spread-of-hours pay in accordance with 12 N.Y.C.R.R. § 146-1.6; and (f) Whether Plaintiff and the NYLL Spread-of-Hours Class are entitled to unpaid wages, liquidated damages, attorneys' fees, costs, and any other relief under the NYLL.

129.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the NYLL Spread-of-Hours Class. Plaintiff, like all Class Members, worked shifts exceeding ten (10) hours in a workday and was not compensated with the additional hour of minimum wage pay as required by the NYLL and its implementing regulations.

130.    *Adequacy:* Plaintiff will fairly and adequately protect the interests of the NYLL Spread-of-Hours Class. Plaintiff has no interests that are antagonistic to or in conflict with the interests of the Class. Plaintiff is committed to vigorously pursuing this action and has retained counsel experienced in wage-and-hour class litigation

131.    Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would entail. No unusual difficulties are likely to be encountered in the management of this class action.

132.    Defendant acted on grounds generally applicable to the NYLL Spread-of-Hours Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant.

133.    The identity of the NYLL Spread-of-Hours Class Members is readily ascertainable from Defendant's payroll and timekeeping records.

134.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent class treatment, many members of the class likely will not obtain redress for their injuries, and Defendant will retain the benefit of its unlawful practices.

135.    Furthermore, even if each individual Class Member could afford to pursue individual litigation, it would place an unnecessary burden on the judicial system. Concentrating the litigation in one forum will promote judicial economy and consistency in the resolution of common issues.

136.    This action is intended to include each and every Tipped Employee who worked for Defendant at Carson's Woodside Tavern in Malta, New York, during the past six (6) years, and who was not paid an additional hour of minimum wage pay for workdays exceeding ten (10) hours, including but not limited to split shifts.

137.    During all relevant times, Plaintiff and all members of the NYLL Spread-of-Hours Class were non-exempt, tipped employees of Defendant.

138.    The work performed by Tipped Employees, including Plaintiff, was integral and essential to Defendant's business operations.

139.    The relief Plaintiff seeks is common to the entire class and includes, inter alia: (a) payment by Defendant of all unpaid spread-of-hours wages owed to Plaintiff and the NYLL Spread-of-Hours Class; (b) liquidated damages; and (c) payment of the costs and expenses of this action, including reasonable attorneys' fees.

140.    Defendant either knowingly failed to pay spread-of-hours compensation to Plaintiff and Class Members or acted with reckless disregard for its obligations under New York law.

25

141.    Defendant was aware of the requirements of the NYLL and its implementing regulations, yet acted willfully in failing to compensate Plaintiff and Class Members for the spread-of-hours premium.

142.    Defendant's willful and/or reckless violations of the NYLL entitle Plaintiff and the NYLL Spread-of-Hours Class to liquidated damages equal to the amount of unpaid wages.

143.    As a direct and proximate result of Defendant's violations of the NYLL, Plaintiff and the NYLL Spread-of-Hours Class suffered financial harm due to the loss of compensation lawfully owed to them.

WHEREFORE, Plaintiff, AIDAN CONRICK, on behalf of himself and all others similarly situated, seeks judgment in his favor and against Defendant, CARSON'S OF MALTA, INC., and requests an Order: (a) certifying a class of similarly situated individuals under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff as Class Representative and his counsel as Class Counsel; (b) awarding all unpaid spread-of-hours premiums to Plaintiff and members of the NYLL Spread-of-Hours Class pursuant to 12 N.Y.C.R.R. § 146-1.6 and the NYLL; (c) awarding liquidated damages to Plaintiff and the NYLL Spread-of-Hours Class; (d) awarding damages for any unreasonably delayed payments in violation of the NYLL; (e) awarding reasonable attorneys' fees and costs to Plaintiff; (f) awarding pre-judgment and post-judgment interest as permitted by law; and (g) granting such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, AIDAN CONRICK, on behalf of himself and the collective and class demands a trial by jury on all appropriate claims.

**Date: May 9, 2025.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS -JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
E-mail: jordan@jordanrichardspllc.com
E-mail: michael@usaemploymentlawyers.com
*Counsel for Plaintiff and the Putative Collective and Class*

By: */s/ Michael V. Miller*
     Michael Miller
     N.D.N.Y. Bar No. 706282
     Jordan Richards
     N.D.N.Y. Bar No. 706278

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF May 9, 2025.

By: */s/ Michael V. Miller*
Michael V. Miller
N.D.N.Y. Bar No. 706282

## SERVICE LIST

**Carson's of Malta, Inc.**
Attn: Registered Agent – CT Corporation System
28 Liberty Street
New York, NY 10005