**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AIDAN CONRICK, on behalf of himself and all others similarly situated,

Plaintiff(s),

v.

CARSON'S OF MALTA, INC.,

Defendant.

1:25-CV-585 (DJS)

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF FLSA AND RULE 23 SETTLEMENT**

THIS MATTER having come before the Court on the Parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement, Conditional Certification of the Settlement Class and Collective for Settlement Purposes, Appointment of Class Representative and Class Counsel, and Approval of Notice and Claims Procedure (the "Motion"), and the Court having considered the Motion, the accompanying Declaration of Michael V. Miller, Esq., the Settlement Agreement and exhibits thereto, and the record in this matter, and good cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED as follows:**

1. Preliminary Approval of Settlement. The Parties' Class and Collective Action Settlement Agreement (the "Settlement Agreement," attached as Exhibit A to the

Motion) is preliminarily approved as fair, reasonable, and adequate, and likely to receive final approval, subject to further consideration at the Final Approval Hearing described below.

2. Conditional Certification of the Rule 23 NYLL Settlement Class. For settlement purposes only, the Court conditionally certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3): All Tipped Employees who worked for Defendant at Carson's Woodside Tavern in Malta, New York from January 1, 2023 through August 1, 2025.

3. Conditional Certification of the FLSA Settlement Collective. For settlement purposes only, the Court conditionally certifies the following Settlement Collective pursuant to 29 U.S.C. § 216(b): All Tipped Employees who worked for Defendant at Carson's Woodside Tavern in Malta, New York from January 1, 2024 through August 1, 2025.

4. This conditional certification is for settlement purposes only and shall not constitute, or be construed as, an admission by Defendant that class or collective certification would be appropriate in this Action for any purpose other than settlement. If the Settlement Agreement is not finally approved or otherwise does not become effective, this conditional certification shall be vacated automatically, and Defendant reserves all rights to oppose certification of any class or collective and to contest the merits of all claims and defenses.

5. Appointment of Class Representative. Aidan Conrick is appointed as Class Representative for the Settlement Class and Settlement Collective.

6. Appointment of Class Counsel. Jordan Richards and Michael Miller of USA Employment Lawyers - Jordan Richards PLLC are appointed as Class Counsel for the Settlement Class and Settlement Collective pursuant to Fed. R. Civ. P. 23(g).

7. Approval of Notice. The proposed Notice of Class and Collective Action Settlement, in the form attached as Exhibit 2 to Exhibit A of the Motion, is approved. The Court finds that the proposed Notice and the manner of dissemination described in the Settlement Agreement constitute the best notice practicable under the circumstances and satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B), due process, and applicable FLSA notice principles.

8. Approval of Claim Form and FLSA Claim/Consent Procedure. The proposed Claim Form and FLSA Claim/Consent Form, in the form attached as Exhibit 1 to Exhibit A of the Motion, are approved. Submission of the FLSA Claim/Consent Form by a Settlement Collective Member shall operate as that individual's consent to opt in to this action and the FLSA settlement pursuant to 29 U.S.C. § 216(b). No Settlement Collective Member shall release any FLSA claim unless that individual timely submits an FLSA Claim/Consent Form or has otherwise previously opted into this Action.

9. Approval of Settlement Administration Procedure. ILYM Group, Inc. is approved to serve as the Settlement Claims Administrator and shall perform the duties set

forth in the Settlement Agreement, including disseminating Notice, processing Claim Forms, performing skip tracing, calculating settlement payments, issuing payments, handling required tax reporting, responding to inquiries, providing periodic reports to counsel, and preparing a declaration concerning the administration of the settlement.

10. Notice and Claims Schedule. The Court approves the following schedule governing notice, claims, opt-outs, objections, and the Final Approval Hearing:

| **Event** | **Deadline** |
|---|---|
| Entry of Preliminary Approval Order | Day 0 |
| Defendant provides Class List to Settlement Claims Administrator | 14 days after Preliminary Approval Order |
| Settlement Claims Administrator sends Notice and Claim Form by mail, email, and text message | 30 days after receipt of Class List |
| Reminder Notice | 30 days after initial mailing |
| Claim, Opt-out, and Objection Deadline | 60 days after initial mailing |
| Administrator Declaration | At least 15 days before Final Approval Hearing |
| Motion for Final Approval and Fee/Cost/Individual Payment Papers | At least 15 days before Final Approval Hearing or as ordered by the Court |
| **Final Approval Hearing** | **November 18, 2026 via Microsoft Teams** |

11. Final Approval Hearing. A Final Approval Hearing shall be held before this Court via Microsoft Teams on November 18, 2026, at 11:00 a.m., to determine, among other things: (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) whether the Settlement Class and Settlement Collective

should be finally certified; (c) Class Counsel's application for an award of attorneys' fees and litigation costs; (d) the request for Individual Consideration Payments to the Class Representative and the Current Opt-in Plaintiffs; and (e) any timely objections to the Settlement Agreement. The date and time of the Final Approval Hearing may be adjourned by the Court without further notice to the Settlement Class or Settlement Collective other than that which may be posted on the Court's website or provided to Class Counsel and Defendant's Counsel.

12. Reservation of Final Determinations. The Court reserves final determination of Class Counsel's application for attorneys' fees and litigation costs, the Individual Consideration Payments to the Class Representative and the Current Opt-in Plaintiffs, and final approval of the Settlement Agreement until the Final Approval Hearing.

13. Stay of Proceedings. Pending final approval of the Settlement Agreement, all proceedings in this Action, other than proceedings necessary to implement and effectuate the terms of the Settlement Agreement and this Order, are stayed.

14. This Order shall not be construed as an admission or concession by Defendant of the truth of any allegation, or the validity of any claim, asserted in this

Action, or of any wrongdoing, fault, violation of law, or liability of any kind.

Dated: August 19, 2026
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

D J S